F I L E D
United States Court of Appeals
Tenth Circuit

MAR 23 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

BOJI AJIWOJU,

        Plaintiff-Appellant,

v.

HOUSING AUTHORITY OF
KANSAS CITY, KANSAS,

        Defendant-Appellee.

No. 98-3251
(D.C. 96-2282-KHV)
(District of Kansas)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **BALDOCK**, and **HENRY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This appeal stems from the district court's denial of a motion to reopen a

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

voluntarily dismissed action, which had been tried to completion in state court. We affirm the decision of the district court.

Mr. Ajiwoju, appellant, filed a lawsuit against his former employer, the Housing Authority of Kansas City, appellee, in federal district court in Kansas. He voluntarily dismissed the case without prejudice soon after filing; within months, Mr. Ajiwoju brought another suit against the Housing Authority, raising the same claims (state contract, wrongful discharge, 42 U.S.C. § 1981 and 42 U.S.C. § 1983) in the Wyandotte County District Court. The Wyandotte district court granted Kansas' motion for summary judgment on all claims.

Mr. Ajiwoju then filed a motion with the federal district court to reopen his federal case and set aside the state court case for irregularity and lack of subject matter jurisdiction. The district court overruled the motion on two grounds. First, any action by the federal court would require the federal court "to review and 'correct' the action of the District Court of Wyandotte County and the Kansas Court of Appeals. . . . [S]uch action would be problematical under the Rooker-Feldman doctrine, see District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 414-16 (1923). . . ." Rec. doc. 14, at 2. Second, Mr. Ajiwoju "has not demonstrated that he is entitled to relief under Rule 60." Id.

Having reviewed the record and the order of the district court, we AFFIRM

the order dated August 24, 1998, for substantially the same reasons advanced by the district court.

Entered for the Court,

Robert H. Henry
Circuit Judge